CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 21 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Action No. 7:10-cr-00040 |
| | ) |
| JOHN HENRY CONNER, JR. | ) MEMORANDUM OPINION |
| | ) |
| | ) By: Hon. James C. Turk |
| | ) Senior United States District Judge |

This matter is before the Court on Defendant Conner's motion for a continuance (Dkt. No. 81). On March 16, 2011, the Court entered an order (Dkt. No. 92) denying Defendant's motion for the reasons stated orally in Court. The Court now issues this memorandum opinion containing a brief written explanation of the Court's ruling in order to aid the parties.

On July 22, 2010, John Henry Conner, Jr. (Conner) was indicted by a grand jury on one count of arson. On the same day, Conner appeared in court for his Initial Appearance hearing. At this hearing the Court ordered Conner not to have contact with a specified list of witnesses. On August 20, 2010, the Court, after being made aware that Conner had contacted some of the witnesses on the list by phone from jail, entered a written order forbidding Conner from contacting witnesses on the list. Conner's trial was originally scheduled for September 23, 2010, and has been continued twice at Conner's request. It is now scheduled to begin April 4, 2011.

A joint discovery order was entered on August 10, 2010, and the parties conducted discovery throughout August and September of 2010. On December 14, 2010, Conner, by his attorney, filed a subpoena <u>deuces</u> <u>tecum</u> to the jail where Conner is being held, requesting telephone records of all calls through December 2010, including the date and time they were made, between Conner and certain witnesses whom Conner was forbidden from contacting.

Conner was provided with the records of approximately 4,000 calls in response to this request. It was after this production of phone records that Conner, by counsel, requested his second continuance in order to review the evidence, and the Court granted this continuance.

In early January 2011, the Government learned that Conner had been released from segregation in the jail and was again using the jail phones to contact witnesses. The Government then requested from the jail records of all phone calls made after the August 20, 2010, Order prohibiting Conner from contacting witnesses. The jail provided an additional 458 calls to the Government, which the Government provided to Conner on or about February 8, 2011, to February 14, 2011.[1] On January 28, 2010, Conner filed another subpoena <u>deuces tecum</u>, and the jail produced approximately 200 more recorded phone calls. The jail has loaned Conner a computer with which he has reviewed and continues to review recorded phone conversations for approximately six hours per day.

On March 8, 2011, Conner filed a third motion to continue in order to review the recorded phone conversations to search for exculpatory evidence of prior inconsistent statements of potential Government witnesses. On March 15, 2011, the Court heard testimony and argument from counsel for Conner and the Government. At the hearing, counsel for Conner argued that he needed to listen to more of the phone calls in order to find evidence of prior inconsistent statements made by those who are expected to testify that Conner made statements linking him to the arson, even though he admits that he has already identified many prior inconsistent statements of Government witnesses. Furthermore, Conner, who was a party to all the recorded conversations, cannot identify any specific statement that he is trying to find.

---

[1] It likely that these 458 phone calls produced for the Government had already been produced for the defendant in the jail's response to Conner's December 14, 2010, subpoena <u>deuces tecum</u>.

The Government argued that Conner and his counsel have already identified many prior inconsistent statements made by the Government's key witnesses on the recorded phone conversations, and any further statements would be cumulative. Furthermore, it argues that the inconsistent statements made by potential Government witnesses are a result of Conner calling witnesses from jail (in violation of the Court's order) in order to contrive inconsistent statements and obstruct justice.

At the hearing, the Court heard samples of some of the prior inconsistent statements. They are generally similar in that they consist of a conversation (prohibited by the Court's order) in which Conner aggressively asks the potential Government witnesses leading questions such as, "You never saw me near the apartment that burned down, right?" or "I never told you I burned down the apartment, right?", and then the Government witnesses obsequiously agree with Conner. In some conversations Conner threatens potential witnesses and their family members with violence. The Court also viewed evidence of internet postings on Facebook made at Conner's direction which threaten potential Government witnesses with violence or being publicly identified as a "snitch" if they tell the Government that Conner had any involvement in the fire.

Conner testified at the hearing that he could not identify any specific statements he wanted to find, even though he was a party to the conversations. When asked by the Court, he also admitted that he could review the recorded conversations adequately before the trial date as long as the jail continued to allow him access to the computer. A representative from the jail testified that Conner had been allowed to use the computer to review recordings for months and that he would continue to be given that privilege.

The Court will not grant Conner a third continuance in order to find evidence that is cumulative and contrived in violation of its order. The Government is required to disclose any exculpatory impeachment evidence in its possession, see United States v. Giglio, 450 U.S. 150, 153-55 (1972), which it has done. The Court must allow the defendant adequate time to prepare for trial, and it has done so. Conner has already been granted two continuances, and he has identified prior inconsistent statements of potential Government witnesses. Moreover, even though Conner was a party to all his phone conversations, he cannot even assert that there are more prior inconsistent statements. Even if there are more statements, they may not be admissible because they would be cumulative. See Fed. R. Evid. 403 (excluding cumulative evidence). The Fourth Circuit has ruled that a defendant is not prejudiced where the Government fails to disclose prior inconsistent statements of its witnesses that are cumulative to evidence that was available to the defendant at trial.[2] In Conner's case, the Government has disclosed prior inconsistent statements, and the defendant has had time to review and identify many prior inconsistent statements. Therefore, he is not prejudiced because he may not have enough time to develop cumulative evidence, which may not even exist.

Furthermore, the calls that Conner wishes to review were made in violation of the Court's order. The only reason the potential witnesses' inconsistent statements exist is that Conner deliberately disobeyed the Court's order in an attempt to obstruct justice. The Court will not allow him to benefit from his actions in order to gain a third continuance. For these reasons and those stated orally in open court, the Court **DENIES** Conner's motion for a continuance.

---

[2] See United States v. Hoyte, 51 F.3d 1239, 1243 (4th Cir. 1995) (finding that the Government's failure to disclose a witness's prior inconsistent statements would not have changed the outcome of the trial because the witness had already been impeached in so many other ways).

Finally, Whitney Roberts, Conner's codefendant who is scheduled to be tried with him on April 4, is prepared for trial does not join in Conner's motion for continuance. It would be unfair to further delay her trial simply because Conner wishes to find cumulative evidence that he contrived.

The Clerk of Court is directed to send a copy of this Memorandum Opinion to counsel of record for all parties.

ENTER: This 31st day of March 2011.

*/s/ James C. Turk*
Hon. James C. Turk
Senior United States District Judge